# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CAMILLE CLARK,

      Plaintiff

v.

JAMES DZURENDA, et al.,

      Defendants

Case No.: 2:19-cv-01138-JAD-NJK

**Order Screening
First Amended Complaint**

Plaintiff Camille Clark brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Fourteenth Amendment right to due process was violated in connection with disciplinary charges, proceedings, and decisions. Because Clark applies to proceed *in forma pauperis*,[1] I screen his first amended complaint[2] under 28 U.S.C. § 1915A. I find that he has not adequately pled any claims, so I dismiss the first amended complaint and give Clark until July 3, 2020, to file a second amended complaint if he can cure the deficiencies identified in this order.

## Background

### A.    Plaintiff's factual allegations[3]

In 2017, Clark was an inmate at Nevada's Southern Desert Correctional Center (SDCC).[4] On October 27, 2017, investigators came to Clark's job in the culinary at SDCC and took him to

---

[1] ECF No. 1.

[2] An amended complaint completely replaces any earlier complaint, making the earlier complaint non-existent. *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010). Therefore, the operative complaint that applies here is the first amended complaint (ECF No. 5).

[3] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact.

[4] ECF No. 5 at 1.

administrative segregation.[5]  On November 28, 2017, Clark was served a notice of charges by Investigator James Scally for the possession, sale, and introduction of intoxicants.[6]  Scally failed to follow departmental policies when writing the notice of charges.[7]  Scally indicated that Clark introduced controlled substances into SDCC but failed to list how the controlled substances were brought into the prison, the dates they were brought into the prison, what the controlled substance was, and what testing was done to determine the nature of the substance.[8]  Most importantly, the notice of charges failed to indicate whether Clark was found in possession of or sold the alleged controlled substance.[9]  Scally also failed to follow Administrative Regulation 707.[10]  The notice of charges was written five months after the incident report date.[11]  Clark could not have been involved in the incident.[12]  The notice of charges was a false and misleading report and therefore was a violation of Administrative Regulation 339.9.[13]

Sergeant Joseph Lewis failed to correct this due-process violation "by forwarding preliminary hearing to Disciplinary hearing Committee without any evidence but in the Disciplinary form II."[14]  Lewis stated in the disciplinary form that the hearing would be referred based on the following evidence:  "staff report and collected evidence."[15]  No staff report or

---

[5] *Id.* at 5.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.* at 5–6.

[13] *Id.* at 6.

[14] *Id.*

[15] *Id.*

description of any collected evidence ever was submitted to Clark, leaving him unable to defend himself against the charges.[16]   The notice of charges indicated that, due to the confidentiality of the case, further details would not be released.[17]   However, the form with the summary of the disciplinary hearing provides a confidential informant checklist that indicates that "Both A + B must be checked off" to indicate that the confidential information is reliable, and neither A nor B was checked off to indicate reliability.[18]

Disciplinary Hearing Officer Spiece "failed to correct" the due-process violation.[19] Spiece did not allow Clark to view the evidence so that he could call witnesses to advance an adequate defense.[20]  Spiece also failed to give a written statement of the reasons for Clark being found guilty.[21]  So there was a lack of evidence to show an institutional infraction, which violated administrative regulations and constitutional law under the "some evidence standard."[22] Spiece also failed to disclose exculpatory evidence that could have proven Clark's innocence.[23] In addition, he failed to spell out "more specifically" the findings and reasons for the action taken by the disciplinary committee.[24]   He also failed to provide information about the basis for the charges and failed to "validate" Scally's confidential information when he did not answer

[16] *Id.*
[17] *Id.*
[18] *Id.* at 6–7.
[19] *Id.* at 7.
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*  at 8.
[24] *Id.*

"yes" to the question of whether there was corroboration testimony for confidential-informant information.[25]

Jennifer Nash failed to follow A.R. 740, did not allow Clark's disciplinary appeal to proceed "under appropriate jurisdiction," and violated his "constitutional right to court access consistently with institutional procedures."[26]  Clark filed an administrative appeal that pointed out that unconstitutional practices occurred, and it cannot be argued that "the administration" did not learn of the due-process violation because Nash hindered Clark's "due process under A.R. 707 for not looking over disciplinary appeal violation."[27]  Nash also failed to provide "an appropriate and substantial response" to Clark's claim by continuing to rule that Clark's appeal was untimely.[28]

**B.    Plaintiff's causes of action**

Based on these alleged events, Clark sues James Scally, Darren Spiece, Joseph Lewis, James Dzurenda, and Jennifer Nash.[29]  Clark alleges violations of his Fourteenth Amendment due-process rights and his "constitutional rights for unlawful disciplinary procedures."[30]  I construe his allegations as Fourteenth Amendment procedural due process claims.  Clark seeks monetary damages and to have his disciplinary conviction expunged.[31]

---

[25] *Id.*

[26] *Id.*

[27] *Id.* at 8–9.

[28] *Id.* at 9.

[29] ECF No. 5 at 2–3.

[30] *Id.* at 5.

[31] *Id.* at 12.

**Discussion**

**A.      Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[32] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[33]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[34]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[35]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[36]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[37] but a plaintiff must provide more

---

[32] *See* 28 U.S.C. § 1915A(a).

[33] *See* 28 U.S.C. § 1915A(b)(1)(2).

[34] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[35] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[36] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[37] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

than mere labels and conclusions.[38]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[39]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[40]

**B.    Analysis of claims**

Clark fails to state a colorable due-process claim.  Prisoners have no due-process rights to the handling of grievances in any particular manner.[41]  Therefore, to the extent Clark alleges that his due process rights were violated merely because of grievance procedures or because defendants failed to comply with established grievance procedures or failed to investigate or review the substance of grievances, he fails to state a colorable due-process claim and cannot do so.  I therefore dismiss this portion of the first amended complaint with prejudice, as amendment would be futile.

---

[38] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[40] *Id*.

[41] *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988) (holding that a state's policy statements establishing a grievance procedure do not create a constitutionally protected liberty interest because there is no legitimate claim of entitlement to a grievance procedure); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (recognizing that there is no liberty interest in the processing of appeals because prisoners are not entitled to a specific grievance process); *LeBlanc v. Tabak*, 2016 WL 6102327, at *6 (C.D. Cal. Oct. 18, 2016) (holding that plaintiff cannot state a colorable due process claim based on a defendant's denial of a grievance or failure to adequately investigate a grievance); *Gonzalez v. Mullen*, 446 F. App'x 17, 18 (9th Cir. 2011) (holding that district court properly dismissed Gonzalez's due process claim concerning the alleged improper processing of his grievance because Gonzalez has no due process right to the handling of grievances in any particular manner); *Taek Sang Yoon v. Arnett*, 385 F. App'x 666, 668 (9th Cir. 2010) (rejecting due-process claim based on failure to respond to grievance).

Allegations that a defendant violated state or local procedures and regulations are not sufficient to state a claim for violation of the Fourteenth Amendment's due-process clause.[42] Thus, to the extent Clark alleges that defendants violated his right to due process based on failing to follow prison procedures, this is not and cannot be sufficient to state a colorable due process claim. I therefore dismiss this portion of the first amended complaint with prejudice, as amendment would be futile.

Standard due-process analysis requires the existence of a liberty or property interest.[43] When there is such a liberty interest or property interest, the only other issue is whether the defendant deprived the plaintiff of that interest without the constitutionally required procedures.[44] Thus, in order to state a colorable claim for deprivation of procedural due process, Clark must first establish that he had a liberty interest. In *Sandin v. Connor*, the United States Supreme Court held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[45] The *Sandin* Court focused on three factors in determining that the plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no

---

[42] *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011); *Sandin v. Conner*, 515 U.S. 472, 477–84 (1995).

[43] *Id.* at 219.

[44] *Id.* at 219–20.

[45] *Id*. at 484.

"major disruption in his environment;" and (3) the length of the plaintiff's sentence was not necessarily affected.[46]

When a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.[47]  The requirements of due process are satisfied only if some evidence supports the decision by the prison disciplinary board.[48]  "When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason."[49]  An inmate's right to present witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff."[50]  Prison officials "must make the decision whether to allow witnesses on a case-by-case basis, examining the potential hazards that may result from

---

[46] *Id*. at 486–87 (holding that prisoner was not subjected to atypical and significant hardship in relation to ordinary incidents of prison life and therefore did not have a liberty interest when the prisoner was placed in solitary confinement in disciplinary segregation for 30 days where conditions were similar to those in administrative segregation and protective segregation).

[47] *See Wolff v. McDonnell*, 418 U.S. 539, 563–70 (1974).

[48] *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

[49] *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992).

[50] *Ponte v. Real*, 471 U.S. 491, 495 (1985).

8

1   calling a particular person."[51]   However, an inmate has no right to cross-examine or confront

2   witnesses in prison disciplinary hearings.[52]

3          Although Clark alleges that defendants denied him various procedural protections, he has

4   not alleged facts sufficient to show that he had a liberty interest.   Merely being found guilty of a

5   disciplinary charge is not sufficient to show that a person has been deprived of a liberty interest.

6   Clark has not alleged what his punishment was, much less facts sufficient to show that the

7   punishment deprived him of a liberty interest.   I therefore dismiss the remainder of the first

8   amended complaint without prejudice and with leave to amend.

9   **C.    Leave to amend**

10          I grant Clark leave to amend his complaint to add facts necessary to state a colorable due-

11   process claim.   Clark is advised that if he chooses to file a second amended complaint, he should

12   keep in mind that an amended complaint replaces the original complaint, so the second amended

13   complaint must be complete in itself.[53]   He must file the second amended complaint on this

14   court's approved prisoner-civil-rights form, and it must be entitled "Second Amended

15   Complaint."   Clark must follow the instructions on the form.   He need not and should not allege

16   very many facts in the "nature of the case" section of the form.   Rather, in each count, he should

17   allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights.   Clark may not

18   add unrelated claims against other defendants in any second amended complaint.   If Clark

19

20   [51] *Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003).

21   [52] *See Wolff*, 418 U.S. at 567-68.

22   [53] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 23   928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

1  chooses to file a second amended complaint, he **must file the amended complaint by July 3,**

2  **2020.**

3        If Clark chooses to file a second amended complaint, he must allege facts sufficient to

4  show that he was deprived of a liberty interest.  Thus, Clark must allege what discipline he

5  received as a result of being found guilty of the disciplinary charges.  Among other things, Clark

6  <u>must</u> allege whether or not his punishment included the revocation of good time credits and

7  affected the length of time he will have to serve.  If Clark alleges that he was placed in

8  disciplinary segregation, he should allege how long he spent in segregation and how the

9  conditions in disciplinary segregation differed from the conditions in administrative segregation

10 and differed from his conditions before being placed in disciplinary segregation.  Clark also must

11 allege facts sufficient to show what constitutional procedures he was denied, and he must make

12 clear whether he is alleging that the result of the disciplinary hearing was incorrect or only the

13 procedures were incorrect.

14       For each defendant, Clark must allege facts sufficient to show that the particular

15 defendant violated his civil rights.  A defendant is liable under 42 U.S.C. § 1983 "only upon a

16 showing of personal participation by the defendant."[54]  "Because vicarious liability is

17 inapplicable to *Bivens* claims and § 1983 suits, a plaintiff must plead that each Government-

18 official defendant, through the official's own individual actions, has violated the Constitution."[55]

19 Thus, a person cannot be held liable merely because of the person's job title or merely because

20 people who work with him or for him violated a plaintiff's constitutional rights.

21

22

23 [54] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[55] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

**Conclusion**

IT IS THEREFORE ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred and the operative complaint is the first amended complaint (ECF No. 5).

IT IS FURTHER ORDERED that:

- The portions of the due-process claims based on the grievance process and the alleged failure to comply with prison procedures and regulations are DISMISSED with prejudice and without leave to amend, as amendment would be futile;

- The remainder of the due-process claims are DISMISSED without prejudice and with leave to amend by July 3, 2020;

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his first amended complaint (ECF No. 5).  If Clark chooses to file a second amended complaint, he must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.  The second amended complaint will be screened in a separate screening order, and the screening process will take many months.  **If plaintiff does not file an amended complaint by July 3, 2020, this action will be dismissed with prejudice for failure to state a claim.**

Dated: June 3, 2020

_____
U.S. District Judge Jennifer A. Dorsey

11