# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAMILLE CLARK,<br><br>    Plaintiff<br>v.<br><br>JAMES DZURENDA et. al.,<br><br>    Defendants | Case No. 2:19-cv-01138-JAD-NJK<br><br>**Order Dismissing<br>and Closing Case**<br><br>**[ECF No. 1]** |

Plaintiff Camille Clark brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated by the Nevada Department of Corrections. On June 3, 2020, this Court dismissed plaintiff's claims with leave to amend by July 3, 2020.[1] The Court warned the plaintiff that this case would be dismissed and closed if he failed to file an amended complaint by that deadline.[2] Plaintiff neither filed an amended complaint by that deadline nor moved for an extension of time to do so.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to dismiss an action

---

[1] ECF No. 6.

[2] *Id*. at 11.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] A court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[7] and that warning was given here.[8] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

IT IS THEREFORE ORDERED that Clark's application to proceed *in forma pauperis* without having to prepay the full filing fee **[ECF No. 1] is GRANTED.** This status only relieves plaintiff of the need to pay an initial installment fee, prepay fees or costs, or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. 1915, as amended, even though this case is being dismissed.

---

[] 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[8] ECF No. 6 at 11.

1       In order to ensure that plaintiff pays the full filing fee, IT IS FURTHER ORDERED that **the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of (Camille Clark, # 87533), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action**. The Clerk of the Court is directed to **SEND** a copy of this order (1) to the Finance Division of the Clerk's Office, and (2) to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

      IT IS FURTHER ORDERED that **THIS ACTION IS DISMISSED** for failure to file an amended complaint by the court-ordered deadline, leaving no claims pending**.** The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. **No other documents may be filed in this now-closed case.**

      Dated: July 13, 2020

                                        _____
                                        U.S. District Judge Jennifer A. Dorsey